**EXHIBIT 1**

# An Act To Prevent Predatory Marketing Practices against Minors

Be it enacted by the People of the State of Maine as follows:

Sec. 1. 10 MRSA c. 1055 is enacted to read:

## CHAPTER 1055

## MARKETING AND DATA COLLECTION PRACTICES

### § 9551. Definitions

As used in this chapter, unless the context otherwise indicates, the following terms have the following meanings.

1. **Health-related information.** "Health-related information" means any information about an individual or a member of the individual's family relating to health, nutrition, drug or medication use, physical or bodily condition, mental health, medical history, medical insurance coverage or claims or other similar data.

2. **Marketing purposes.** "Marketing purposes," with respect to the use of health-related information or personal information, means the purposes of marketing or advertising products, goods or services to individuals.

3. **Person.** "Person" includes an individual, firm, partnership, corporation, association, syndicate, organization, society, business trust, attorney-in-fact and every natural or artificial legal entity.

4. **Personal information.** "Personal information" means individually identifiable information, including:

   A. An individual's first name, or first initial, and last name;

   B. A home or other physical address;

   C. A social security number;

   D. A driver's license number or state identification card number; and

   E. Information concerning a minor that is collected in combination with an identifier described in this subsection.

5. **Verifiable parental consent.** "Verifiable parental consent" means any reasonable effort, taking into consideration available technology, including a request for

authorization for future collection, use and disclosure described in the notice, to ensure that a parent of a minor receives notice of the collection of personal information, use and disclosure practices and authorizes the collection, use and disclosure, as applicable, of personal information and the subsequent use of that information before that information is collected from that minor.

### § 9552. Unlawful collection and use of data from minors

**1. Unlawful collection.** It is unlawful for a person to knowingly collect or receive health-related information or personal information for marketing purposes from a minor without first obtaining verifiable parental consent of that minor's parent or legal guardian.

**2. Unlawful use.** A person may not sell, offer for sale or otherwise transfer to another person health-related information or personal information about a minor if that information:

A. Was unlawfully collected pursuant to subsection 1;

B. Individually identifies the minor; or

C. Will be used in violation of section 9553.

### § 9553. Predatory marketing against minors prohibited

A person may not use any health-related information or personal information regarding a minor for the purpose of marketing a product or service to that minor or promoting any course of action for the minor relating to a product. Use of information in violation of this section constitutes predatory marketing.

### § 9554. Enforcement

**1. Unfair trade practice.** Violation of this chapter is an unfair trade practice as prohibited by Title 5, section 207. Each unlawful collection of data or unlawful predatory marketing event in violation of this chapter constitutes a separate violation. The Attorney General may establish procedures for receiving and investigating complaints of violations of this chapter. The procedures may include the development of electronic forms, available over the Internet, by which a person may file a complaint with the Attorney General alleging a violation of this chapter.

**2. Civil action; injunction and damages.** Notwithstanding Title 5, section 213, a person about whom information is unlawfully collected or who is the object of predatory marketing in violation of this chapter may bring an action in an appropriate state court for either or both of the following:

A. An injunction to stop the unlawful collection or predatory marketing; and

B. Recovery of actual damages from each violation or up to $250 in damages for each violation, whichever is greater.

If the court finds there has been a violation of this chapter, the court shall award the petitioner reasonable attorney's fees and costs incurred in connection with the action.

If the court finds that the defendant willfully or knowingly violated this chapter, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under paragraph B.

**3. Civil violation; penalty.** Notwithstanding the penalty provisions of Title 5, section 209, each violation of this chapter constitutes a civil violation for which a fine may be assessed of:

A. No less than $10,000 and no more than $20,000 for a first violation; and

B. No less than $20,000 for a 2nd or subsequent violation.

**4. Application of federal law.** If the Attorney General finds evidence of a violation of the federal Children's Online Privacy Protection Act of 1998, 15 United States Code, Sections 6501 to 6506 (2007), the Attorney General may bring a civil action pursuant to 15 United States Code, Section 6504 (2007).

Effective September 12, 2009
**Related Pages**

| | | |
|---|---|---|
| | Search Bill Text | Legislative Information |
| Bill Directory | Search Bill Status | Session Information |
| 119th Legislature Bills | | Maine Legislature |

Office of Legislative Information
100 State House Station
Augusta, ME 04333

voice: (207) 287-1692
fax: (207) 287-1580
tty: (207) 287-6826

Word Viewer for Windows                                   Disclaimer